IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIA GASCOIGNE,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL GASCOIGNE, DENISE MARTINEZ, CHRISTINE GREENWOOD, MAGLEBY & GREENWOOD,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CV-733 TS |

## I. Introduction

This matter is before the Court on Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the motion will be granted in part and denied in part.

Although this suit is between two ex-spouses, the causes of action alleged are not domestic in nature. As discussed further below, the suit is based on diversity and alleges eleven causes of action including: Intentional Interference with Business Relations or Contractual Relations, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional

Distress, Invasion of Privacy, False Light Invasion of Privacy, Intrusion on Seclusion, Defamation, Libel, Slander and Libel Per Se.

Defendants move to dismiss the claims based on failure to state a claim upon which relief can be granted, arguing that the claims are barred by the parties' previous Settlement Agreement.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction based on 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.

## III. Facts

The following facts are taken from Plaintiff's pro se Complaint. Plaintiff and Defendant Gascoigne were married for 10 years before Plaintiff filed a petition for divorce in July of 2006.[1] Plaintiff has sole physical and legal custody of their three children.[2] Plaintiff alleges that Defendant Gascoigne became threatening and violent towards her during the period surrounding the divorce proceedings.[3] Defendants Gascoigne and Martinez were awarded a judgment against Plaintiff for civil stalking.[4] Although this judgment has since been vacated, Plaintiff insists that the judgment was made, without any evidence, based on adverse inferences only.[5] Plaintiff states that the adverse inferences stemmed from her inability to produce her laptop for discovery due to

---

[1] Complaint, Docket No. 1, at ¶ 9.

[2] *Id*.

[3] *Id*. at ¶ 10.

[4] *Id*., at ¶ 6; Defendant's Memorandum in Support of Motion to Dismiss, Docket No. 3, Ex. C.

[5] Docket No. 1, at ¶¶ 6, 8.

2

non-disclosure agreements and fiduciary responsibilities to clients.[6] Plaintiff alleges that Defendants have continued to harass her by using the judgment and repeatedly contacting her employers regarding such.[7] Plaintiff alleges she was terminated from a job as a result of this harassing conduct.[8] Plaintiff alleges that instead of following the proper writ of garnishment procedures, Defendant Gascoigne sent an eleven-page fax with information regarding payment history, a copy of the judge's ruling, and information statement, in an effort to threaten Plaintiff's employers.[9] Plaintiff alleges that after she obtained a Civil Protection Order against her husband in 2006, Defendants filed a false stalking injunction, which was rejected by the court.[10] This failed claim against Plaintiff apparently alleged that Plaintiff left threatening messages for Defendant Martinez's family and accessed both her email and bank accounts electronically.[11] Although Plaintiff was unable to provide her computer to challenge these allegations, she hired a computer forensic expert who found she had not accessed Defendant Martinez's bank accounts or email.[12] However, the judge did not allow this expert to testify and allegedly enforced all

---

[6]*Id*.

[7]*Id*. at ¶ 12.

[8]*Id*.

[9]*Id*. at ¶¶ 29, 32, 33.

[10]*Id*. at ¶ 13.

[11]*Id*. at ¶ 14.

[12]*Id*. at ¶ 17.

adverse inferences against Plaintiff.[13]

Defendants Gascoigne and Martinez also filed another suit based on identical issues and the state court, after Plaintiff's attorney failed to file a response to a motion for summary judgment, stated the issues were fully and fairly adjudicated in the prior action.[14] Plaintiff did not contest this judgment nor the allegations in the motion, even though she allegedly had evidence that the judgment was based on false information.[15]

On January 24, 2009, Plaintiff and Defendants Gascoigne and Martinez signed a Settlement Agreement.[16] Although Plaintiff does not directly address the Settlement Agreement in her Complaint, she does mention that certain decisions against her have been vacated.[17] That agreement dealt with many of the pending lawsuits between the parties, it vacated the stalking injunction against Plaintiff, changed the garnishment payments and amount owed by Plaintiff to Defendant Martinez, stated future disputes regarding the children would be arbitrated, and dealt

---

[13]*Id.* at ¶ 18.

[14]*Id.* at ¶ 20; Docket No. 3, Ex. D.

[15]Docket No. 1 at ¶¶ 23, 24.

[16]Defendant's Memorandum in Support of Motion to Dismiss, Ex. A. Although Plaintiff has not incorporated by reference or attached the Settlement Agreement to her Complaint, the Agreement is alluded to and is central to Plaintiff's claim, therefore because Defendants submitted a copy of the Agreement to the Court and Plaintiff does not dispute its authenticity, the Court may consider the Agreement, even though it is outside of the pleadings, for this Motion to Dismiss without turning it into one for summary judgment. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

[17]Docket No. 1 at ¶ 6.

with reaffirmation of obligations relating to child support.[18]

All of the facts regarding Defendants Greenwood and Magleby & Greenwood are related to the Settlement Agreement.

## IV. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[19] This standard applies to both the original and amended complaint.[20] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[21] But, the court "need not accept conclusory allegations without supporting factual averments."[22] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[23]

The Tenth Circuit has explained that a plaintiff must "nudge[ ][his] claims across the line

---

[18]*Id.*

[19]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[20]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[21]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[22]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[23]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

from conceivable to plausible" in order to survive a motion to dismiss.[24] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[25] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[26]

### V. Analysis

Defendants argue that claims based on issues or facts occurring prior to the Settlement Agreement are barred under the doctrine of merger.

> A valid compromise and settlement operates as a merger of, and bars all right to recover on, the antecedent claim or right of action included therein. The compromise agreement is substituted for the antecedent claim or right, and the rights and liabilities of the parties are merged into the agreement settling all their claims.[27]

Courts have interpreted this principle to bar claims seeking to renew the original claim, or relitigation of the merits of the claims decided in an agreement.[28] The Court finds that the terms of the Settlement Agreement are closely related to the claims and a majority of the conduct alleged in this case. Therefore, the Court finds that any claims based on pre-settlement conduct

---

[24] *Id.*

[25] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[27] 15A Am. Jur.2d Compromise & Settlement § 36 (updated May 2009).

[28] *Logan v. Principi*, 56 Fed. Appx. 445, 448 (10th Cir. 2003); *West Texas Markt'g Corp. v. Kellogg*, 12 F.3d 497, 502 (5th Cir. 1994).

are barred by the valid settlement agreement. Each of the claims will be addressed below.

Plaintiff's first cause of action is intentional interference with business or contractual relations and business expectancy. The only facts alleged in support of this claim occurring post-settlement are Defendants alleged contact with Plaintiff's employer in an inappropriate manner related to the garnishment. Even though this conduct occurred post-settlement, it arises directly out of the settlement. Plaintiff's main objection seems to be that Defendants contacted her employer. Because garnishment necessitates communication with a third party,[29] Defendants had a legal basis, based on the Settlement Agreement for their conduct. Thus, Plaintiff has not alleged facts to support this cause of action. Because this is the only cause of action dealing with Defendants Greenwood and Greenwood & Magleby, they will be dismissed from this action.

Plaintiff's second, third and fourth causes of action deal with libel, libel per se and slander. In relation to these causes of action, Plaintiff alleges two post-settlement events. The first is a letter sent by Defendant Gascoigne to the high school guidance staff, making allegations regarding relations between Plaintiff and their children at home.[30] Plaintiff also alleges a letter was sent from Defendant Gascoigne to a child care facility, explaining to the facility that Plaintiff is responsible for all child care expenses related to their children.[31] Plaintiff does allege that Defendant Gascoigne filed false police reports alleging child abuse, causing investigations by various child protective service agencies. However, no supporting allegations state the date of

---

[29] BLACK'S LAW DICTIONARY 689 (7th ed. 1999).

[30] Docket No. 1 at 50.

[31] *Id.* at 52.

these allegations and therefore the Court is unable to identify the time frame for these events. Because Plaintiff has failed to allege that these events did not take place post-settlement they will not be considered in support of these claims.

Both libel and slander are different forms of defamation.[32] Libel deals with defamatory statements published by written or printed words.[33] "Slander consists of the publication of defamatory matter by spoken word, transitory gestures or by any form of communication other than libel."[34] In order to state a claim for defamation, Plaintiff must show: "(1) the defendant published statements concerning the plaintiff; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages."[35] "[I]n a purely private defamation action the requisite degree of fault is negligence."[36] To be considered libel per se the publication must be in regards to a commission of a crime; impute a loathsome disease; reflect on the fitness of the person to engage in his business, trade or profession or hold some office; or imputes unchastity of a woman.[37]

The first statement is a letter sent by Defendant Gascoigne to their child's school.

---

[32] *Jensen v. Sawyers*, 130 P.3d 325, 332 n.6 (Utah 2005).

[33] *Id.* (quoting Restatement (Second) of Torts § 568(2) (1977)).

[34] *Id.*

[35] *Deary v. Godbe*, 992 P.2d 979, 983 (Utah 1999).

[36] *Ferguson v. Williams & Hunt*, 221 P.3d 205, 213 (Utah 2009).

[37] *Handy v. Union Pac. R.R. Co.*, 841 P.2d 1210, 1217-18 (Utah Ct. App. 1992).

8

Although this statement clearly "concerns" Plaintiff, there is no allegation in the Complaint that the statement was false, not subject to a privilege, made negligently, or resulted in damages to Plaintiff. The second statement is an email sent by Defendant Gascoigne to a child care institution. Specifically that email addressed Plaintiff's financial responsibility for day care. Paragraph 35 of Plaintiff's complaint alleges: "Plaintiff is responsible for the vast majority of her children's financial care as well as their day to day care. She pays . . . (nearly 2/3) while Mr. Gascoigne pays only . . . (1/3) towards their financial needs."[38] The Court does not find this statement regarding responsibility for day care has been shown to be false and has been presented no allegations to the contrary. Without a false statement, any defamatory action must necessarily fail. Therefore, the second, third and fourth causes of action will be dismissed.

Plaintiff's fifth and sixth causes of action deal with intentional and negligent infliction of emotional distress. In order to establish a claim for intentional infliction of emotional distress, Plaintiff must show four elements: (1) the defendant's conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality; (2) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (3) the plaintiff suffered severe emotional distress; and (4) the defendant's conduct proximately caused the emotional distress.[39]

Plaintiff alleges that Defendant Gascoigne harassed and intimidated her by sending her pictures of her house in Washington, D.C. and her home in Rhode Island, which necessitated

---

[38] Docket No. 1 at ¶ 35.

[39] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002).

trespassing onto her property. Plaintiff further alleges that Defendant Gascoigne obtained floor plans of her home and sent those to her as well. As alleged in the Complaint, both of those occurred post-settlement as they were received by Plaintiff in July 2009.[40] Whether or not Defendant Gascoigne intended these acts as intimidation or threatening is unclear. However, the Court finds these acts as alleged sufficiently offend the generally accepted standards of decency and morality, and if not done to purposely cause emotional distress, were carried out with a reckless disregard of the likelihood of causing such stress. Plaintiff further alleges she suffered emotional distress and that Defendants' actions were the cause of such stress. Therefore, the Court finds Plaintiff has stated a claim upon which relief may be granted.

Plaintiff's sixth cause of action is negligent infliction of emotional distress. The elements of negligent infliction of emotional distress are: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances."[41]

Although the other elements are present, Plaintiff has not alleged or plead any physical harm manifested by objective symptoms. Therefore, she has not stated a claim for negligent infliction of emotional distress.

Plaintiff's seventh, eighth, ninth and tenth causes of action are invasion of privacy and false light invasion of privacy, intrusion on seclusion, and public disclosure of facts.

False light creates liability to another for invasion of privacy if "(1) he or she gives

---

[40]Docket No. 1 at 54-59.

[41]*Handy v. Union Pacific R. Co.*, 841 P.2d 1210, 1217-18 (Utah Ct. App. 1992).

publicity to a matter concerning another that places the other before the public in a false light; (2) the false light in which the other was placed would be highly offensive to a reasonable person; and (3) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."[42] "A false light claim is 'closely allied' with an action for defamation and 'the same considerations apply to each.'"[43]

As previously discussed, the only post-settlement statements alleged in relation to this claim are the statement to the school and the statement to the daycare center. The Court does not find either of those statements place Plaintiff in a false light. Therefore, Plaintiff has not stated a claim upon which relief can be granted.

In order to state a claim for intrusion upon seclusion Plaintiff must show, "(1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"[44] Although the intrusion element began as something physical, like the invasion of a home or other quarters, it has been expanded to include eavesdropping, peering into windows of a home and persistent and unwanted phone calls.[45] In this case, Plaintiff alleges that Defendant Gascoigne had someone enter her property to take pictures of her home, which is situated on a

---

[42]*Stein v. Marriot Ownership Resorts, Inc.*, 944 P.2d 374, 380 (Utah Ct. App. 1997).

[43]*Id.* (quoting *Cibenko v. Worth Publishers, Inc.*, 510 F.Supp. 761, 766-67 (D. N.J. 1981)).

[44]*Id.* at 378 (quoting *Turner v. General Adjustment Bureau, Inc.*, 832 P.2d 62 (Utah Ct. App.), *cert denied*, 843 P.2d 1042 (Utah 1992)).

[45]*Id.*

large piece of property and set back from the road.[46] The Court finds as a threshold determination[47] and only for purposes of this motion, that trespassing onto ones' home, which is set back from the street, in order to take unauthorized pictures would be highly offensive to a reasonable person. Therefore the Court finds Plaintiff has stated a claim upon which relief may be granted.

Plaintiff must plead three elements in order to state a claim for disclosure of private facts: (1) the disclosure of the private facts must be a public disclosure and not a private one; (2) the facts disclosed to the public must be private facts, and not public ones; and (3) the matter made public must be one that would be highly offensive and objectionable to a reasonable person of ordinary sensibilities.[48] The Court does not find that either of the two post-settlement statements disclose any private facts that would be highly offensive and objectionable to a reasonable person of ordinary sensibilities.

Plaintiff's last cause of action is one for civil conspiracy. However, the Court has not found any facts in relation to this claim occurring post settlement. Therefore, this claim is barred by the Settlement Agreement.

## VI. Conclusion

Based on the above it is hereby

ORDERED that Defendants' Motion to Dismiss (Docket No. 2) is GRANTED IN PART

---

[46] Docket No. 1 at ¶ 125.

[47] *Wolf v. Regardie*, 553 A.2d 1213, 1219 (D.C. 1989).

[48] *Shattuck-Owen v. Snowbird Corp.*, 16 P.3d 555, 558 (Utah 2000).

AND DENIED IN PART consistent with this ORDER.  Specifically the Motion is DENIED as to the Fifth and Ninth causes of action and GRANTED as to the remaining claims.

It is further

ORDERED that Defendants Christine Greenwood and Magleby & Greenwood be DISMISSED entirely.

DATED   April 7, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge