IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIE M. GASCOIGNE,<br><br>  Plaintiff,<br><br>vs.<br><br>PAUL E. GASCOIGNE, DENISE M. MARTINEZ,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:09-CV-733 TS |

This matter is before the Court on Defendants' Motion for Summary Judgment. Plaintiff has not responded to the Motion. For the reasons set forth below, the Court will grant the Motion.

**I. Introduction**

Although this suit is between two ex-spouses, the causes of action alleged are not domestic in nature. Plaintiff originally brought eleven causes of action. In an Order filed on April 7, 2010, the Court granted in part and denied in part Defendants' Motion to Dismiss, leaving the claims for Intentional Infliction of Emotional Distress and Intrusion on Seclusion, as

the subject of this Motion.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction based on 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.

## III. Facts

Plaintiff and Defendant Gascoigne were married for 10 years before Plaintiff filed a petition for divorce in July of 2006.[1] Plaintiff has sole physical and legal custody of their three children.[2] In opposition to Defendants' Motion to Dismiss, Plaintiff alleged that Defendants harassed and intimidated her by sending her pictures and floor plans of her homes in Washington, D.C. and Rhode Island, which she further alleged necessitated trespassing onto her property. Defendants aver through affidavit and exhibits, that both the photographs and floor plans were not acquired by trespass but rather through public websites. Defendants further state that such pictures and floor plans were used as exhibits to demonstrate Plaintiff's assets during previous proceedings between the parties. Defendants state they have neither gone to visit, driven-by, photographed and/or trespassed on Plaintiff's property, nor hired someone to do the same.

## IV. Standard of Review

Summary judgment is proper if the moving party can demonstrate that there are no

---

[1] Complaint, Docket No. 1, at ¶ 9.

[2] *Id*.

genuine issues of material fact and it is entitled to judgment as a matter of law.[3] The Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party.[4] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5] "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial, if he does not so respond, summary judgment, if appropriate, shall be entered against him."[6]

## V. Discussion

Defendants argue that although trespass is not an element per se of either of Plaintiff's remaining claims, in order for those claims to survive, Plaintiff must show that Defendants trespassed on her property. As Plaintiff has not responded to Defendants Motion, she has not "set forth specific facts showing that there is a genuine issue for trial."[7]

In order to establish a claim for intentional infliction of emotional distress, Plaintiff must

---

[3]*See* FED. R. CIV. P. 56(c).

[4]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6]FED. R. CIV. P. 56(e)(2).

[7]*Id*.

show four elements: (1) the defendant's conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality; (2) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (3) the plaintiff suffered severe emotional distress; and (4) the defendant's conduct proximately caused the emotional distress.[8]

In the Court's previous Order denying in part Defendants' Motion to Dismiss, the Court stated that the alleged trespassing onto Plaintiff's property to obtain pictures and/or floor plans of Plaintiff's residences sufficiently offended the generally accepted standards of decency and morality for the purposes of surviving the motion to dismiss.[9] However, Defendants have now submitted facts establishing that there was no trespass. Plaintiff has not responded and therefore has not met its burden of establishing that genuine issues of material fact exist. Consequently, the entry of summary judgment, against her on this claim, is appropriate.

In order to state a claim for intrusion upon seclusion Plaintiff must show, "(1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"[10] Although the intrusion element began as something physical, like the invasion of a home or other quarters, it has been expanded to include eavesdropping, peering into windows of

---

[8] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002).

[9] Docket No. 7, at 10.

[10] *Prince*, 56 P.3d at 378 (quoting *Turner v. General Adjustment Bureau, Inc.*, 832 P.2d 62 (Utah Ct. App.), *cert denied*, 843 P.2d 1042 (Utah 1992)).

a home and persistent and unwanted phone calls.[11]  Defendants have stated that they have never trespassed, or otherwise been in physical proximity to any of Plaintiff's residences in Washington, D.C., or Rhode Island.  Plaintiff has not disputed those facts and has therefore not met her burden of establishing genuine issues of material fact exist.  Therefore, the Court finds there has been no intrusion, let alone an intrusion that would be highly offensive to a reasonable person, and consequently, summary judgment is appropriate.

Given the facts, the Court finds that a reasonable jury could not return a verdict in Plaintiff's favor.  The Court further finds that no genuine issues of material fact exist.  Therefore, Defendants are entitled to a judgment as a matter of law.

## VI. Conclusion

Based on the above, it is hereby

ORDERED that Defendants Motion for Summary Judgment (Docket No. 8) is GRANTED.

The Clerk of Court is directed to close the case forthwith.

DATED   June 24, 2010.

                                      BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11]*Id.*